IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONDA RYDBOM,

               Plaintiff,

v.

COUNTY OF MARATHON,
CITY OF WAUSAU,
ABC INSURANCE COMPANY, and
DEF INSURANCE COMPANY,

               Defendants.

ORDER

15-cv-527-jdp

---

      Plaintiff Ronda Rydbom filed this case in the Wisconsin Circuit Court for Marathon County. She alleges that the Wausau Police Department unlawfully arrested her on June 15, 2014, acting on a warrant that had been cancelled several months earlier. Dkt. 2-2, ¶¶ 9-11. Rydbom alleges that employees of Marathon County, or of the sheriff's department, or of the police department (or employees of all three) were negligent in failing to process the cancelled warrant. *Id.* ¶¶ 13-15. Rydbom contends that defendants Marathon County and the City of Wausau are liable for the negligence of their employees and that unknown defendants ABC Insurance Company and DEF Insurance Company provide general liability insurance to the county and to the city.

      Wausau removed this case to federal court on August 19, 2015.[1] Wausau contends that this court has original jurisdiction over Rydbom's claims under 28 U.S.C. § 1331 because she is alleging violations of her federal constitutional rights. "But federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction,

---

[1] Marathon County has not yet been served, nor has plaintiff identified the true names of either insurance company.

and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). To determine whether removal is proper, "federal courts may look only to the well-pleaded complaint, and not to any possible or anticipated defenses, to determine if the case arises under federal law." *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001). Here, Rydbom's complaint appears to assert only state law negligence claims. The court will therefore order Wausau to show cause why this case should not be remanded to state court.

Three paragraphs in Rydbom's complaint allude to constitutional violations. For example, she alleges that:

> the Marathon County Sheriff's Department may have been negligent in their processing of the warrant cancellation and that said negligence resulted in Ronda Rydbom being held without cause and under color of law contrary to her constitutional rights. Such negligence was a substantial factor and proximate cause of the injuries sustained by the plaintiff, Ronda Rydbom.

Dkt. 2-2, ¶ 14. Wausau contends that these paragraphs allege violations of the Fourth and Fourteenth Amendments to the Federal Constitution. Dkt. 2. But a fair reading of Rydbom's complaint suggests that she is not seeking redress for violations of her federally secured rights. Instead, Rydbom's complaint sounds in negligence. She essentially alleges that an administrative mistake caused her "emotional stress, embarrassment, anguish, pain and suffering." Dkt. 2-2, ¶ 16. And even the paragraphs the mention constitutional rights emphasize that defendants' negligence caused Rydbom's injuries.

The typical statute under which to seek redress for violations of federal constitutional rights is 42 U.S.C. § 1983. But the statute authorizes suits against *individuals* responsible for violating a plaintiff's constitutional rights, not employers. Rydbom did not sue the officers

2

who arrested her or the individual employees who failed to process the cancelled warrant. She instead seeks to impose liability on Marathon County and the City of Wausau based on a theory of *respondeat superior*. *Id.* ¶¶ 4, 6. But the Supreme Court has held that "the doctrine of *respondeat superior* is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 663 n.7 (1978). To proceed against a municipality, Rydbom would have to allege that an official policy or custom caused her injury. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). Rydbom alleges no such policy or custom in this case.

These limitations on the use of § 1983 are black-letter law. Because Rydbom's claims would have obvious foundational deficiencies as part of an action under § 1983, it seems unlikely that she meant to state a claim for violations of her federal constitutional rights.

The party invoking a federal court's jurisdiction—here, Wausau—has the burden of proving that jurisdiction exists. *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012). At this point, Wausau has failed to carry that burden. But because the court is acting on its own initiative, Wausau may have an opportunity to explain why this case can remain in federal court. The court will request a response from Rydbom if the court determines that one would be helpful. If Wausau determines that it has improperly removed the action, then the parties should file a joint stipulation to remand this case to state court.

ORDER

IT IS ORDERED that defendant City of Wausau may have until September 10, 2015, to show cause why this case should not be remanded to state court. If defendant fails

to meet this deadline, then the court will remand this case for lack of subject matter jurisdiction.

 Entered August 27, 2015.

          BY THE COURT:

          /s/

          _____
          JAMES D. PETERSON
          District Judge